COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN RE: BRUCE WHEATLEY | § | No. 08-23-00147-CV |
| in his capacity as Executor of the Estate of | § | AN ORIGINAL PROCEEDING |
| JUDITH WHEATLEY, Deceased, | § | IN MANDAMUS |
| Relator. | § | |
| | § | |

## **MEMORANDUM OPINION**

Before the Court is relator's May 11, 2023, petition for writ of mandamus. In the petition, relator asks this Court to compel the trial court to grant him possession of a piece of real property.

Entitlement to mandamus relief requires relators to demonstrate that the trial court clearly abused its discretion through an order. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Axelson, Inc. v. Mcllhany*, 798 S.W.2d 550, 556 (Tex. 1990) (holding mandamus was improper when the relator could not point to an order of the trial court refusing their request). Such an order may be oral "if the court's ruling is a clear, specific, and enforceable order that is adequately shown by the record." *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, no pet); *see In re Southern Ins. Co.*, 2011 WL 3667849, at *1

(Tex. App.—Houston [14th Dist.] Aug. 23, 2011, no pet.) (mem.op.) (denying mandamus when the record contained no written or oral ruling denying relator's motion).

After reviewing relator's petition and the record before us, we conclude there is no record of a written or oral order from the trial court regarding relator's possession of the real property. Accordingly, relator has not established he is entitled to mandamus relief. Therefore, we deny relators' petition for writ of mandamus.

YVONNE T. RODRIGUEZ, Chief Justice

June 15, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.